ADVERTISEMENT OF SECURITIES
The Administrator of the Oklahoma Department of Securities may make a rule requiring a company, whose securities are registered in Oklahoma and whose name contains the word "savings", to use the disclaimer "This is neither a bank nor a savings and loan association" in all of its advertising, in view of the fact the securities are advertised as being offered by prospectus only, which prospectus contains the same disclaimer. The Attorney General has considered your request for opinion on the following question: "May the Administrator of the Oklahoma Department of Securities require a company, whose securities are registered in Oklahoma and whose name contains the word 'savings', to use the disclaimer 'This is neither a bank nor a savings and loan association' in all its advertising, in view of the fact the securities are advertised as being offered by prospectus only, which prospectus contains the same disclaimer?" Your question involves the interpretation of portions of the Oklahoma Banking Code, 6 O.S. 101 [6-101] (1971), et seq., the Oklahoma Savings and Loan Code, 18 O.S. 381.1 [18-381.1] (1971), et seq. and the Oklahoma Securities Act, 71 O.S. 1 [71-1] (1971), et seq. Title 6 O.S. 1401 [6-1401] (1971), provides in pertinent part as follows: "It shall be unlawful for any individual, firm, association or corporation to receive money upon deposit or transact a banking business except as authorized by the laws of this State or of the United States, or to use or advertise, in connection with any business other than the banking business, conducted under the banking laws of this state, the words: Banker, Bankers, Investment banker, or any other word or term calculated to deceive the public into belief that such person, firm, association or corporation is engaged in the banking business. . ." Title 18 O.S. 381.23 [18-381.23] (1971) provides: "No person, firm, company, partnership or corporation, either domestic or foreign, unless lawfully authorized to do business in the state under the provisions of this act, shall do business in the state under any name or title which contains the term 'savings and loan', 'building and loan,' 'savings association' or combination of such terms in any manner which indicates or reasonably implies that his or its business is of a character or kind carried on or transacted by a savings and loan association, or that is likely to lead any person to believe that such business is that of a savings and loan association. Upon application by the commissioner, or any association, a court of competent jurisdiction may issue an injunction to restrain any such entity from violating or continuing to violate provisions of this section." Title 71 O.S. 101 [71-101] (1971) provides: "It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly (1) to employ any device, scheme or artifice to defraud, (2) to make any untrue statements of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, (3) to engage in any act, practice, or course of business which operates or will operate as a fraud or deceit upon any person." The purpose of the above section, as defined by the United States Court of Appeals for the Tenth Circuit in the case of Mid-Continent Casualty Company v. McAlester Aircraft, Inc., 349 F.2d 885 (1965), was to protect the buyer of securities from fraud practiced upon him by the seller, and the seller of securities from fraud practiced upon him by the buyer. Title 71 O.S. 402 [71-402] (1971) provides: "It is unlawful to use any prospectus, pamphlet, circular, form letter, advertisement or other sales literature in any manner in connection with the offer or sale of any security unless it has been filed with and approved by the Administrator. The Administrator may by rule exempt any class of sales literature from this section." It is fundamental that the power to determine the policy of the law is primarily legislative. The policy of the law enacted by the Oklahoma Legislature in the above authorities is clear and was concisely and correctly stated in Mid-Continent Casualty Company v. McAlester Aircraft, Inc., supra. The Oklahoma Securities Commission and the Department of Securities were created by Section 3 of the 1959 Oklahoma Securities Act. Section 3 furthermore designates the Commission the policymaking and governing authority of the Department and charges the Commission with the responsibility for enforcement of the Act. Section 15 of the Act transfers the powers, duties and functions of the Oklahoma Securities Commission and the Commissioner of Securities as provided in 71 O.S. 1951 to and vests same exclusively in the Oklahoma Securities Commission and the Department of Securities created by the Act. Title 71 O.S. 1 [71-1] (1951) (Enrolled Senate Bill No. 331, 1951 Legislature) provided in pertinent part: "The Securities Commission shall have the power to make such administrative and procedural rules and regulations as may be reasonably necessary for the proper administration of the provisions of this title and for the proper exercise of its powers in the performance of its duties hereunder." (Emphasis added) The 1951 Act further provided for the transfer and vesting of the powers, duties, and functions of the Bank Commissioner of the State of Oklahoma and of any assistant or deputy bank commissioner and of the Securities Commission and of the Securities Commissioner and of any other person appointed to represent or act for the bank commissioner, or for the Securities Commission or the Securities Commissioner to the Securities Commission created thereby and directed said Securities Commission to exercise same. Section 410 of the 1959 Act empowers the Administrator to "from time to time make, amend, and rescind such rules, forms, and orders as are necessary to carry out the provisions of this Act. . ." (Emphasis added) A careful reading of the above authorities clearly reveals that the Securities Commission and the Administrator have the authority to make rules and regulations to administer the Oklahoma Securities Act and for the proper exercise of the powers bestowed on the Commission in the performance of its duties and responsibilities. The statutory language above cited grants wide discretionary powers to the Commission to determine those rules and regulations necessary to discharge the duties and responsibilities of the Commission, limiting them only to an exercise of reasonableness in making rules that are "reasonably necessary" for the administration of provisions of Title 71. The Oklahoma Supreme Court has said in the case of State ex rel Hart v. Parham, 412 P.2d 142 (1966), that: "It is well settled that the rules and regulations of administrative boards enacted pursuant to legislative authority are presumed to be reasonable and valid, and the burden of establishing the contrary rests on the party complaining." The Court cited as authority Oklahoma Operating Company v. State Dry Cleaners Board, 206 P.2d 295
(Okl.), Ex parte Woodruff, 90 Okl. Cr. 59, 210 P.2d 191; Associated Industries v. Industrial Welfare Commission, 185 Okl. 177, 90 P.2d 899. Apparently, in the instant case it was the opinion of the administration of the Department of Securities that the public was not adequately protected under existing laws and rules of the Department in matters of advertising of securities registered in Oklahoma when the name of the company offering the said securities contained the word savings. The Administrator therefore exercised his discretion in making and enacting an additional rule which would provide the desired protection. The rule was enacted pursuant to the State Administrative Procedures Act. The legislative authority for the Department to act clearly exists in the authorities presented herein and inasmuch as the policy of law is clearly expressed, the rule is the result of a proper exercise of administrative rule-making authority. It is, therefore, the opinion of the Attorney General that the Administrator of the Oklahoma Department of Securities may make a rule requiring a company, whose securities are registered in Oklahoma and whose name contains the word "savings", to use the disclaimer "This is neither a bank nor a savings and loan association" in all of its advertising, in view of the fact the securities are advertised as being offered by prospectus only, which prospectus contains the same disclaimer. (William Don Kiser)